UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>TYRUS B. WRIGHT, FIRST SOURCE )<br>BANK, and COASTAL VALLEY )<br>WATER COMPANY, )<br>)<br>Defendants ) | CAUSE NO. 3:09-CV-46 RM |

OPINION and ORDER

First Source Bank moved to amend the judgment in this case to obtain further recovery for expenses incurred in the maintenance of property sold through foreclosure proceedings. The United States responded to this motion, pointing out that this court entered final judgment in this matter in June 2009, and arguing that the Bank's carelessness in not anticipating these expenses in its stipulation with the Government is insufficient reason to amend the judgment. First Source Bank hasn't filed a reply, and the time to file such reply has lapsed.

FED. R. CIV. P. 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." The Bank's motion comes a few months after entry of judgment in this case, which is too late.

FED R. CIV. P. 60(b) allows a motion to alter or amend judgment within one year for limited reasons, including excusable neglect, newly discovered evidence, and fraud. It is an extraordinary remedy for exceptional circumstances, and neither ignorance nor carelessness on the part of a litigant or of his attorney

provide grounds for relief under Rule 60. Ben Sager Chemicals Int'l, Inc. v. E. Targaosz & Co., 560 F.2d 805, 809 (7th Cir. 1982). First Bank has provided no sufficient reason for why this court should amend the judgment in this case to the detriment of other parties, especially given that First Bank participated in the negotiations of and approved the form of order for the judgment.

For these reasons, First Bank's motion to amend judgment [Doc. No. 28] is DENIED.

SO ORDERED.

ENTERED:  October 29, 2009 


    /s/ Robert L. Miller, Jr. 
Chief Judge
United States District Court